```
IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                CHARLOTTE DIVISION
                 3:10CV118-MU-02
```

```
TYRONE WILLIAMS,              )
     Plaintiff,                )
                               )
         v.                    )
                               )
CITY OF WADESBORO, NC;         )
RICHARD NEELY, Supt. at        )
   Lanesboro Correctional      )
   Institution;                )
KORY DALRYMPLE, Assistant)
   Superintendent;             )
JERLINA BENNETT, Program       )
   Director;                   )
STEPHANIE MILLER, Inter-       )
   nal Affairs,                )
     Defendants                )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. § 1983, filed March 12, 2010 (document # 1).

At the outset, the Court notes that it is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court further acknowledges its obligation liberally to construe pro-se pleadings as explained in Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve a plaintiff of his/her duty to assert a claim cognizable within the jurisdiction of the district court and upon which the court can grant relief. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) ("whatever purposes

the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented"); and Beaudett v. City Hampton, 775 F.2d 1274, (4th Cir. 1985) (district Court is not required to develop tangential claims from scant assertions in complaint).  Nor does it mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a federally cognizable claim.  See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).  With these principles in mind, the Court has conducted an initial review of this matter and determined that Plaintiff's Complaint must be dismissed without prejudice.

Plaintiff is an inmate at Lanesboro Correctional Institution.  On December 21, 2009, Plaintiff reportedly observed two correctional officers[1] verbally and physically assault an inmate (document # 1 at 19).  Following the alleged assault, the two officers attempted to place Plaintiff and certain other inmates on lock-down but, according to Plaintiff, he and the others refused to be placed on lock-down until they were allowed to speak to their Unit's manager.  (Id.).  Plaintiff reports that he and the other inmates also refused to talk to the assaulting officers' co-workers because the inmates believed that the assault-

---

[1] Plaintiff has given no indication that these two officers are among the five Defendants named by this Complaint.

2

ing officers had violated the law by their conduct. (Id).

On December 28, 2009, Plaintiff filed a grievance complaining about the incident and explaining why he refused to be locked-down. (Id.). By way of relief, Plaintiff's grievance asked that the assaulting officers be "relieved from their duties immediately and never work for any NC State Department Institution." (Id.).

The Prison's first response to Plaintiff's grievance explained that his allegations were reviewed and an investigation of the entire incident was underway in order to "determine what will be done to staff if necessary." (Id. at 20). Curiously, Plaintiff appealed that decision, at which point Prison officials determined that the first response appropriately had addressed his complaints, and that no further action would be taken on the grievance because the "staff [would] be looking into th[at] situation and taking the necessary action." (Id.). Plaintiff appealed to the final step of the grievance resolution process and was told that the Prison's investigation had revealed that the inmate against whom force was used was not treated unfairly, nor was he treated in violation of Prison policies and procedures. (Id. at 21-22).

Subsequently, on January 7, 2010, the District Court of Anson County issued a criminal summons charging Plaintiff with creating a public disturbance, and resisting a public officer,

3

both misdemeanor offenses. (Id. at 9). The summons was served on Plaintiff on January 22, 2010. (Id. at 10). On February 16, 2010, Plaintiff had an initial appearance, at which time he waived his right to counsel and expressed his intent to represent himself. (Id. at 12).

On March 12, 2010, Plaintiff filed the instant Complaint. The specific allegations in his Complaint are difficult fully to discern. Nevertheless, it appears that Plaintiff is complaining: (1) that on February 16, 2010, Defendants Neely, Dalrymple, Bennett and Miller deprived him of his rights by attending his initial appearance in order "to see [him] sign the waiver, and [to] support the municipality that violated [Plaintiff's] U.S. and N.C. Constitutional rights"; (2) that Defendant Bennet is "responsible for her actions in several ways but not directly" because "she knows about [Plaintiff's] grievance [for] which she says a[n] investigation is going on at the time . . . so I take it as the investigation ends I end up in court on suppose to be charges"; (3) that he never received a warrant or summons for his charges, and the Judge failed to advise him of the nature of the charges and their corresponding penalties; (4) and that Defendants acted in bad faith because they failed to serve him with process, and to advise him of his Miranda rights. (Id. at 4).

By way of relief, Plaintiff asks for an immediate transfer to an "Eastern District close Custody Facility" due to his

4

reported fear of retaliation and of being "set up" or injured. (Id. at 5). Plaintiff also asks for an injunction so that he will "never return" to Lanesboro Correctional Institution.

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, it is axiomatic that exhaustion is mandatory and unexhausted claims cannot be brought in federal court. Woodford v. Ngo, 548 U.S. 81, 85-89 (2006). A, a prisoner's failure to exhaust his administrative remedies is an affirmative defense; therefore, the prisoner does not have to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199, 211-12 (2007). Nevertheless, a court may dismiss a prisoner § 1983 action on initial review, but only when it is apparent from the face of the complaint that the prisoner has not exhausted administrative remedies. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 678-83 (4th Cir. 2005) (noting that 42 U.S.C. § 1997(e)(c)(2) "clearly contemplates the dismissal on the merits of some claims that have not been exhausted"; and that while failure to exhaust is an affirmative defense, that fact does not "foreclose in all cases the possibility of a sua sponte dismissal on exhaustion grounds.").

In the instant case, Plaintiff's form-Complaint along with

5

its attachments all establish that even though Plaintiff fully completed the grievance process, that grievance did not relate to the issues which he identifies as claims in his Complaint. Rather, such grievance concerned the Prison's investigation into the December 2009 alleged excessive force incident. In contrast, the matters about which Plaintiff now complains seem to have arisen during his February 2010 Court proceeding. The Court's determination that Plaintiff has not exhausted his administrative remedies on his current claims is further strengthened by the fact that the relief requested in the grievance -- the termination of certain officers, is entirely different from the relief sought in this Complaint -- an immediate transfer to another facility (document # 1 at 5 and 19).

Therefore, inasmuch as Plaintiff's documents reflects that he has failed to exhaust his administrative remedies on the allegations in his Complaint, this matter will be dismissed without prejudice. Should he choose to do so, Plaintiff may return to this Court with his Complaint after he fully exhausts his administrative remedies with respect to the allegations contained therein. Blye v. Reynolds, 2008 WL 2076681 *4 (D. S.C. May 8, 2008).

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Complaint is **DISMISSED without prejudice**.

6

**SO ORDERED.**

Signed: March 16, 2010

Graham C. Mullen
United States District Judge